IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-40854 |
| | ) | |
| Wrophas Meeks, | ) | Proceeding in Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Jagen Ailinani and Narsingam Gatla, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-04085 |
| | ) | |
| Wrophas Meeks, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION**

This matter having come before the Court on a Motion for Summary Judgment on Count II of the plaintiff's Adversary Complaint to Determine Dischargeability of Debt filed by the defendant, Wrophas Meeks, and on the Response and Objection filed by the plaintiffs, Jagen Ailinani and Narsingam Gatla. The Court, having reviewed the written memoranda and being otherwise fully advised in the premises, finds as follows:

The plaintiffs and the defendant were members of a medical group, S.I. Radiology Associates, LLC ("the LLC"). The plaintiffs resigned from the LLC in 2002 after the group lost its only client. After the plaintiffs' resignation, the LLC continued under the control of the defendant and the only other remaining member, Frank Marmo. In 2005, the plaintiffs brought suit against the defendant and Frank Marmo in the Circuit Court of the First Judicial Circuit in Jackson County, Illinois alleging conversion, breach of fiduciary duty, and asking for an accounting, dissolution of SI Radiology, LLC and distribution of its assets.

1

The court found that the state court defendants, Meeks and Marmo ("the defendants"), had violated the Illinois Limited Liability Company Act, 805 ILCS 180/1-1 *et seq.*, by failing to purchase the distributional share of the plaintiffs. (Judgment p. 4.) The court further found that S.I. Radiology Associates, LLC had made excessive distributions to the defendants and that the defendants had calculated the plaintiffs' earnings in a manner that purposefully and intentionally increased the taxes owed by the plaintiffs while minimizing the taxes owed by the defendants. *Id*. at 6. The court also found that the defendants had continued to make withdrawals from the LLC, allocated yearly distributions to themselves and paid personal and family expenses unrelated to the business out of the accounts of the business. *Id*. The court held that, through the acts described above, the defendants had converted income owed to the plaintiffs. Furthermore, the court held that punitive damages were appropriate as the defendants "acted arbitrarily, vexatiously, or not in good faith." *Id*. at 8. A judgment of $1,545,720.75 plus attorneys' fees and costs was awarded in favor of the plaintiffs and against the defendants on December 31, 2007.

On June 2, 2008, Wrophas Meeks filed a Chapter 11 bankruptcy petition. The plaintiffs were listed as unsecured creditors. The instant adversary case was initiated by the filing of a Complaint to Determine Dischargeability of Debt against Wrophas Meeks ("the defendant") on August 26, 2008. The plaintiffs object to the defendant's discharge of the state court judgment under 11 U.S.C. § 523(a)(4)[1]. In Count II of their Complaint, the plaintiffs allege:

> 11 U.S.C. § 523(a)(4) of the Bankruptcy Code excepts from discharge a debt for fraud and defalcation while acting in a fiduciary capacity, embezzlement or larceny. As expressly determined by the State Court in the Judgment, Debtor

---

[1] 11 U.S.C. § 523 provides in relevant part:
  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
    …
    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

2

>violated his fiduciary duty to Plaintiffs when he willfully converted and caused to be converted $1,034,122 of income and distributions owed to Plaintiffs while Debtor was acting in a fiduciary capacity.

(Compl. ¶ 10.)  The defendant now moves for summary judgment on Count II.

In support of his argument, the defendant first argues that under Illinois law, he did not owe any fiduciary duty to the plaintiffs.  The defendant argues that the provision of the Illinois Limited Liability Company Act relied on by the state court provides that "*[a] limited liability company shall purchase* a distributional interest of a member…" 805 ILCS 180/35-60(a) (emphasis added).  According to the defendant, as the duty to purchase the dissociating members' interest was not his duty but rather the duty of SI Radiology, LLC, any fiduciary duty owed *by him* to the plaintiffs ended at the time they dissociated from the company.

The defendant also argues that even if he were acting in a fiduciary capacity, he was not acting in a qualifying fiduciary capacity for purposes of nondischargeability under § 523(a)(4).  For a breached fiduciary relationship to give rise to a nondischargeable debt under § 523(a)(4), there must be "a difference in knowledge or power between fiduciary and principal which gives the former a position of ascendancy over the latter."  *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994).  Joint ventures and contracts entered into by equals are not encompassed in the fiduciary relationships considered under § 523(a)(4).  *In re Frain*, 230 F.3d 1017, 1018 (7th Cir. 2000).  The defendant contends that for a fiduciary relationship to have existed between the parties, he would have had to occupy a position of ascendancy over the plaintiffs at the time SI Radiology, LLC was formed.  Since the defendant claims there is no evidence that he held such a position, he argues that summary judgment on this point is appropriate.

In his final argument regarding the existence of a fiduciary duty, the defendant argues that no fiduciary duty arose prior to the creation of the debt, making the instant situation

analogous to *In re Marchiando*. In *Marchiando*, a debtor who operated a convenience store selling Illinois state lottery tickets filed for bankruptcy relief. *Id.* at 1113. Under state law, any lottery ticket proceeds were to be held in a trust for the state. The debtor, however, used the money to pay ordinary business expenses. *Id*. After the debtor filed for bankruptcy, the state argued that because the funds were to be held in a trust, the debt was nondischargeable under § 523(a)(4). *Id*. The Court of Appeals for the Seventh Circuit held that the debt was dischargeable because a trust did not exist until the debtor failed to remit the ticket receipts. *Id*. at 1116. While the court acknowledged that state law created a fiduciary relationship, it was not a qualifying fiduciary relationship for nondischargeability under § 523(a)(4) because the debtor did not possess a greater knowledge or power. *Id*. Since the qualifying fiduciary relationship did not come into being until the debt was created, there was no preexisting fiduciary duty as required by § 523(a)(4).

Regarding the embezzlement allegation, the defendant makes two arguments. First, the defendant argues that any embezzled funds were the property of the business and not the plaintiffs. As such, any claim against the defendant is vested in SI Radiology, LLC. The defendant cites *Chapman v. Pomainville*, 254 B.R. 699 (Bankr. S.D. Ohio 2000), where both the debtor and creditor were 50 percent shareholders in a laundry business. *Id*. at 701. After taking over the finances of the business, the debtor made personal withdrawals from business assets and retained for himself the proceeds of six insurance checks. *Id*. at 701-02. With respect to the insurance proceeds, the Court held that those monies were property of the business and, therefore, any claim against the debtor belonged to the business.

Second, the defendant argues that he did not have the requisite fraudulent intent to sustain a determination of nondischargeability. To support this argument, the defendant submits an

affidavit stating that after the dissociation of the plaintiffs he followed the advice of attorneys and accountants when taking money from the LLC and filing taxes related to the business.

In response, the plaintiffs also rely upon *In re Marchiando* to argue that the defendant was a qualified fiduciary under § 523(a)(4).  Their reliance is placed on the Court of Appeals' statement that the fiduciary element of § 523(a)(4) is met whenever there is an express trust or relations "of inequality that justify the imposition on the fiduciary of a special duty, basically to treat his principal's affairs with all the solicitude that he would accord to his own affairs."  13 F.3d at 1116.  The plaintiffs also cite the case of *In re Anderson*, 350 B.R. 803 (Bankr. S.D. Ill. 2006), where Judge Fines, sitting by designation in this District, concluded that for purposes of § 523(a)(4), the bookkeeper of a joint venture was acting in a fiduciary capacity.  The bookkeeper had misrepresented that bills had been paid and had taken draws from loan funds for her benefit in contravention of the agreement with the plaintiff in that case.  Here, the plaintiffs argue that the defendant's role was tantamount to a managing partner with control over the company's money and tax returns.  Thus, they contend, he qualifies as a fiduciary for purposes of nondischargeability under § 523(a)(4).  The plaintiffs bolster their argument by reference to the Illinois Limited Liability Act for the proposition that a member of an LLC owes a fiduciary duty to other members.  This statute applies "to a person winding up the limited liability company's business as the personal or legal representative of the last surviving member as if the person were a member."  805 ILCS 180/15-3.  As the defendant was a member winding up the affairs of the LLC, an express statutory trust was imposed on him.

Regarding the allegation of embezzlement, the plaintiffs argue that they need only show that the defendant appropriated the subject funds for his own benefit and that he did so with fraudulent intent or deceit.  The plaintiffs point to the Judgment, arguing that it provides

5

numerous conclusions showing that the defendant engaged in conduct rising above the level required to show embezzlement for nondischargeability purposes.  Regarding the defendant's claim that he is absolved from liability by his reliance on professional advice, the plaintiffs argue that this point was investigated during discovery in the state court case.  At his deposition, the company's accountant denied giving any advice to the defendant about how much money the defendant could take out of the company.  In support of their claim, the plaintiffs attach the deposition of the LLC's accountant Michael Givens as an exhibit to their Response and Objection.  The plaintiffs argue that summary judgment is not appropriate on this point and they are entitled to prove the defendant acted with the requisite intent.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule 56(c) reads in part:

> (T)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*Fed.R.Civ.P. 56(c).*

The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.  There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.  In ruling on a motion for summary judgment, the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor.  *Household Commercial Financial Services, Inc.*, 863 F.Supp. at 739 citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The plaintiffs and the defendant both rely on *In re Marchiando* in support of their respective arguments. They rely particularly on the Court of Appeals' point that a fiduciary relationship exists where there is a difference in knowledge or power between the fiduciary and the principal which gives the former a position of ascendancy over the latter. 13 F.3d at 1116. The parties agree that the plaintiffs dissociated themselves from the LLC in 2002, leaving the defendant as one of two remaining members. That the two remaining members controlled the interests of the LLC is incontrovertible. The Judgment is replete with findings of fact regarding the behavior of the defendant and the other remaining partner in making excessive distributions to themselves, miscalculating the plaintiffs' earnings to purposely increase the taxes owed by the plaintiffs while minimizing the taxes owed by the other members, continuing to make withdrawals from the LLC, allocating yearly distributions to themselves and paying personal and family expenses from the business accounts.

As previously stated, the defendant argues that the duty imposed by the Illinois Limited Liability Company Act created a fiduciary relationship only between the LLC and the plaintiffs. He further asserts that, assuming *arguendo* that the defendant was a fiduciary, any fiduciary relationship did not exist prior to the creation of the debt, nor did it qualify for nondischargeability under § 523(a)(4). Again, though, *In re Marchiando*, holds that qualifying fiduciary relationships can derive from express trusts of the conventional variety and those "relations of inequality that justify the imposition on the fiduciary of a special duty." *Id*. Both have been found to justify nondischargeability under § 523(a)(4).

Based on the above, whether or not a relationship of inequality existed between the plaintiffs and the defendant and when that relationship may have begun and ended are material

7

questions of fact that are reserved for the trier of fact. Thus, summary judgment on this point is denied.

On the allegation of embezzlement, the defendant argues that the property in question did not belong to the plaintiffs but rather to the LLC, so that any cause of action lies with the LLC, citing *In re Pomainville*, 254 B.R. 699 (Bankr. S.D.Ohio, 2000). In that case, the court held that misappropriated insurance proceeds were the property of the business and not the plaintiff bringing the dischargeability action. *Id*. at 705. As the proceeds in question were entrusted to the defendant in his capacity as an officer of the corporation, any damages and claim of nondischargeability pursuant to § 523(a)(4) ran to the corporation and not the shareholder. *Id*. The instant case is distinguishable from *In re Pomainville*, however, as here the Judgment clearly reflects that the defendant personally converted income *due to* or *owed to* the plaintiffs. In addition to the state court judgment, the affidavit of the defendant placing responsibility on professional advice, and the deposition of the LLC's accountant denying such advice was given, establish that the allegation of embezzlement remains a subject of disputed fact. Accordingly, summary judgment on this point is inappropriate and is denied.

For all these reasons, the Court finds that the defendant's Motion for Summary Judgment on Count II of Plaintiffs' Adversary Complaint to Determine Dischargeability of Debt is denied.


SEE WRITTEN ORDER ENTERED THIS DATE.


ENTERED: May 14, 2009

/s/ Kenneth J. Meyers
UNITED STATES BANKRUPTCY JUDGE/4